ceedings had by the district court upon the petition. or in the matter of the said Read in bankruptcy.

=====

## Case No. 5,920.

### In re HALL.

[1 Dill. 587.] 1

Circuit Court, D. Iowa. 1871.

BANKRUPTCY—APPEAL—REVIEW—COMMERCIAL PA-PER—SUSPENSION OF PAYMENT—BANKRUPTCY.

1. A creditor who does not claim under commercial paper may charge, as an act of bankruptcy, failure by debtor after suspension to resume payment of commercial paper, though suspension be not fraudulent.

[See In re Ballard. Case No. 816; Baldwin v. Wilder, Id. 806.]

2. An order vacating an adjudication of bankruptcy made at the former term cannot be revised on appeal.

In bankruptcy.

E. A. Storrs, for petitioning creditor.
N. M. Hubbard, opposed.

=====

## Case No. 5,921.

### In re HALL.

[2 Hughes, 411; 2 9 N. B. R. 366.]

District Court, E. D. North Carolina. Dec., 1873.

BANKRUPTCY—ALLOTMENT OF HOMESTEAD—RE-ASSESSMENT.

Where the homestead has been duly laid off and allotted under the law of North Carolina, act of April 7th, 1869, and no fraud, complicity, or other irregularity is shown, the bankrupt

1 [Reported by Hon. John F. Dillon, Circuit Judge. and here reprinted by permission.]

2 [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

courts will not order a reassessment for mere excess of value.

Article 10 of the constitution of North Carolina provides "that every homestead, and the dwelling and buildings used therewith, not exceeding in value one thousand dollars, to be selected by the owner thereof, or in lieu thereof, at the option of owner, any lot in a city, town or village, with the dwelling and buildings thereon, owned and occupied by any resident of this state, and not exceeding the value of one thousand dollars, shall be exempted from sale under execution, or other final process, obtained on any debt," except for taxes, etc., for a specified period of time. The general assembly, at the session of 1868–69, passed a law to carry into effect the foregoing provisions of the constitution. Laws 1868–69, p. 331, c. 137. Said law provides, among other things, that "before levying upon any homestead thus owned and occupied, the sheriff, or other officer charged with the levy, shall summon three disinterested persons qualified to act as jurors," to whom he shall administer the prescribed oath. "Said appraisers shall thereupon proceed to value the homestead, with its dwelling and buildings thereon, and lay off to said owner such portion as he may select," etc. "The appraisers shall then make and sign in the presence of the officer a return of their proceedings, setting forth the property exempted, which shall be returned by the officer to the clerk of the court of the county in which the homestead is situated, and filed with the judgment roll in action, and a minute of the same entered on the judgment docket. If the judgment creditor for whom the levy is made, or judgment debtor or person entitled to homestead exemptions, shall be dissatisfied with the valuation and allotment of the appraisers, he may, within ten days thereafter, or any other judgment creditor within six months, and before sale under execution of the excess, notify the clerk of the township thereof and file with him a transcript of the return of the appraisers, and thereupon the clerk shall notify the other trustees of the township to meet him, at a time specified, within ten days, on the premises, to reassess and allot the said homestead. Any appraisal or allotment by the trustees of the township may be set aside on application of any party interested in it, for fraud, complicity. or other irregularity. The proceedings shall be upon petition, as in other special proceedings. and the applicant shall give bonds to the opposing party for costs and damages." By the amendments of the bankrupt law of June 8th, 1872 [17 Stat. 334], and March 3d, 1873 [Id. 577], it is provided "that the exemptions allowed the bankrupt by the said amendatory acts shall be the amount allowed by the constitution and laws of each state, respectively, as existing in the year 1871," etc.

On the 23d day of June, 1873, Jack Hall was duly adjudged a bankrupt in said court up-

on his own petition. In due time John S. Henderson, of Salisbury, was appointed assignee of his estate. Within twenty days thereafter he proceeded to lay off and assign to the said Jack Hall, bankrupt, the property exempted from the operation of the 14th section of the bankrupt law [of 1867 (14 Stat. 517)], as amended by the acts of June 8th, 1872, and March 3d, 1873, and returned a schedule of the same into the register's office. In pursuance of what he understood to be a rule of this court, the assignee adopted the return of the sheriff's appraisers, and laid off and assigned said bankrupt the homestead laid off and allotted by the said appraisers under the state law on the 16th day of April, 1870. In due time exceptions were filed to the assignee's report of exempted property by Fannie Williams and Alice March (assignees of W. B. March), creditors of said bankrupt, who have duly proved their debt against his estate, alleging that the homestead assigned therein is valued much below its real value; that they are informed and believe that the same is worth four thousand dollars. The judgment on which the present proof of debt by Fannie Williams and Alice March (assignees of W. B. March, and excepting creditors in this case), against said bankrupt's estate is founded, was taken on the 4th day of April, 1870. No other creditors have proven debts against said bankrupt's estate.

Upon the above statement of the case the following question of law arises: Whether, where the homestead of a debtor has been laid off and allotted to him by appraisers, summoned by the sheriff pursuant to the provisions of the act of April 7th, 1869, of the laws of North Carolina, and the creditors of such debtor filed no exceptions to the return of such appraisers, but have acquiesced in the same for more than three years, "the amount" of such debtor's homestead, both in value and extent, has not been thereby ascertained and fixed under the state law, especially as against all who were his judgment creditors at the time such assessment was made by the sheriff's appraisers, and whether, therefore, such homestead thus ascertained and fixed, under the operation of the state law, is not "the amount" of exemption in lands to which such debtor is entitled when he afterwards avails himself of the benefit of the bankrupt law of congress, as amended by the acts of June 8th, 1872, and March 3d, 1873, no fraud, complicity, or other irregularity being alleged against the sheriff's appraisers in laying the same off under the state law.

On the case and this state of facts, the Register, R. H. BROADFIELD, Esq., filed his opinion as follows:

The homestead laws of the state, it will be seen, have expressly provided the means of their own execution and enforcement. They have provided a tribunal to ascertain and fix both the value and extent of the homestead. Where the debtor has not previously had his homestead laid off and allotted by assessors appointed by a justice of the peace, that tribunal is the sheriff's appraisers. Where there is no appeal from the judgment and return of such appraisers, by filing exceptions with the clerk of the township within the time prescribed by law, that judgment is final—certainly final as against all the judgment creditors. Such appeal, by filing exceptions, must not only be taken by any judgment creditor within six months, but it must be taken "before sale under execution of the excess." Such appraisement can never afterwards be set aside, at least by any one who was a judgment creditor at the time it was made, except "for fraud, complicity, or other irregularity," and then the proceeding must be by petition. If no "fraud, complicity, or other irregularity" can be shown, such homestead has been thereby ascertained and fixed under the state law, both in value and extent, and must remain the fixed homestead of the debtor during the period of its legal duration against all such judgment creditors, if not against all others. In this case, the judgment on which the proof of debt by the excepting creditors is founded was in existence at the time the homestead was laid off by the sheriff's appraisers. The then owner of it, the assignor of the excepting creditors, failed to notify the clerk of the township and ask for a reassessment within the required time. The judgment of such appraisers has ever since been acquiesced in —a period of over three years. And even now, in the exceptions filed to the report of the assignee in this court, no "fraud, complicity, or other irregularity" is alleged in the laying off of the same by the sheriff's appraisers. The homestead of said Jack Hall, bankrupt, had certainly thereby become fixed and irrevocable under the state law as against the excepting creditors, and no others have proven debts against his estate. "The amount" to which said bankrupt was entitled as a homestead under the state law, had been clearly ascertained and fixed by the tribunal created by law for that purpose, and that is "the amount" to which he is entitled under the bankrupt law, as amended by the acts of June 8th, 1872, and March 3d, 1873.

This view of the law seems to me to be fully sustained in the only case I have been able to find where the point of law involved has been distinctly raised. In re Moseley [Case No. 9,868]. In that case the families of the bankrupts had instituted proceedings in the court of ordinary of Lowndes county, Georgia, under the homestead act of that state, to have their homesteads adjudged and set apart. The court of ordinary appointed appraisers to appraise and allot the exempted property. They acted and returned their proceedings into court on the 27th April, 1872. The court of ordinary approved their proceedings on that day, and set apart the property so appraised to the families of the bankrupts.

On the 1st of May, certain creditors of the bankrupts took an appeal to the superior court, from the judgment of the court of ordinary, on the ground that the property set apart was of greater value than that placed upon it by the appraisers and approved by the court of ordinary. On the 6th day of May, 1872, and while the appeal was pending, proceedings were instituted against the said Moseley, Wells & Co., by their creditors, on which they were duly adjudged involuntary bankrupts on the 6th of June, 1873. The counsel for the creditors contended that on the filing of the petition in involuntary bankruptcy, the jurisdiction of the state courts over the proceedings then pending by virtue of the state statute, in regard to homesteads and exemptions, ceased, on the ground that the proceedings therein had not been concluded. This view was overruled by Judge Erskine, on the ground that "when the court of ordinary rendered its decisions on the homestead proceedings, the judgments were binding and operative, if no appeals had been taken to the superior court." By the local law of the state of Georgia, an appeal does not vacate, but only suspends, the judgment of the court appealed from. The judgment of the court of ordinary was still the judgment of a court of competent jurisdiction, and would remain so, unless overruled by the superior court, to which an appeal had been taken. The United States district court, therefore, merely instructed the assignee in bankruptcy to apply to the superior court, to which the appeals had been taken, for leave to be made a party to the proceedings there pending, on the appeals from the court of ordinary of Lowndes county, and there defend the rights of the creditors. Here, it seems to me to be distinctly and clearly held, that where the homestead has been laid off and allotted by competent authority, under the state law, "the amount" of it thus ascertained and fixed is "the amount" to which such debtor is afterwards entitled under the bankrupt law, when he seeks to avail himself of its benefits, or when he is adjudged an involuntary bankrupt on petition of his creditors.

In discussing the general question of homestead exemptions, in Re Vogler [Case No. 16,-986], though the point was not directly raised, his honor, Judge Dick, said: "Where homesteads have been duly allotted under the state law, and there is no fraud, such allotment will be recognized and allowed to bankrupts under the bankrupt act." In view of the reasoning from the facts and law of the case, and the authorities cited, I am of opinion that the exceptions filed to the assignee's report of exempted property should be overruled.

Charles Price, for certain creditors.
Luke Blackmer, for bankrupt.

DICK, District Judge. After careful consideration of the question of law presented in this case, I concur in the opinion so well expressed by the Register, and affirm the orders which he has made. The evident intent of congress in passing the amendatory acts referred to by the register was to give bankrupts the full benefit of the homestead and exemption laws existing in a state when questions affecting such legal rights are to be considered and determined by a court of bankruptcy. The homestead estate of the bankrupt in this case was allotted and its value ascertained and fixed in the manner prescribed by the state laws upon such subjects. Those laws furnished the excepting creditors a plain and direct mode of proceeding for setting aside the allotment of the homestead estate for excess of value. As they had an opportunity for having a day in court for asserting their rights, they cannot avoid the consequence of their laches by resorting to a different forum. The courts of the United States usually recognize and observe the rights of parties as ascertained and adjudicated in the tribunals of the state where such federal courts are held. Where fraud, complicity, or irregularity are alleged and established by proper special proceedings, the allotment of homestead may be set aside in the state courts, and in such cases similar relief will be furnished by a court of bankruptcy. Fraud vitiates the most solemn judicial proceedings, and a judgment or decree is clearly impeachable on the ground of fraud and deception practiced on the court, and the law furnishes adequate and ample remedies in such matters. Mere excess of value in the allotment of a homestead is not fraud, and to successfully impeach such proceedings it must be shown that the debtor by some fraudulent representation or deception, or by complicity with the appraisers, procured such excessive allotment. The value of an estate is a question of fact generally depending upon circumstances which are apparent to the public, and an excessive valuation may be clearly shown by proper evidence. As no fraud is alleged in this case, the allotment of the homestead under the state law is valid, and the estate did not vest in the assignee, and was properly designated and set apart by him in the certificate of exempted property.

The cost of these proceedings must be taxed against the excepting creditors.